UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**         **CASE NO. 3:24-CR-00017-01**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**CHARLES LOGWOOD (01)**              **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration filed by Defendant Charles Logwood ("Logwood") [Doc. No. 60]. The United States of America (the "Government") filed an Opposition to the Motion [Doc. No. 64] and Logwood filed a Reply [Doc. No. 69].

The Court previously adopted the report and recommendations of the Magistrate Judge which granted in part and denied in part Logwood's motion to suppress. [Doc. No. 51]. He now asks the Court to reconsider that judgment and reopen the hearing on a limited basis as new evidence regarding the legality of the traffic stop has come to light. Specifically, Logwood states that "defense counsel recently learned that it might be technologically feasible to analyze the drone footage."[1]

For the reasons stated below, Logwood's Motion is **DENIED**.

I.  **BACKGROUND**

Logwood is charged in a three-count indictment with possession with intent to distribute methamphetamine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(viii), possession with intent to distribute marijuana (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and possession of a firearm during a drug trafficking offense (Count 3), in violation of

---

[1] [Doc. No. 69, p. 2].

18 U.S.C. § 924(c). The events leading up to Logwood's arrest consisted of a search of Logwood's vehicle during a traffic stop and Logwood's confession.

The Magistrate Judge issued a report and recommendation on October 29, 2024, which recommended denying the motion to suppress as to the traffic stop and search of the Logwood's vehicle.[2] This Court adopted the report and recommendations.[3] At the hearing, evidence showed that Deputy Sergeant Andrew Nugent ("Nugent") was justified in initiating the traffic stop.[4] However, Logwood has now submitted a report where a forensic video analyst viewed the video and determined that Logwood's turn signal was in use—that Nugent was not justified in the traffic stop.[5] Thus, Logwood asks that the Court reconsider the judgment denying the motion to suppress.

## II.    LAW & ANALYSIS

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). In such instances, "amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478. And reconsideration of a decision "is an extraordinary remedy that should be used sparingly." *Id*. at 479.

The district court has "wide discretion in determining when to reopen an evidentiary hearing." *United States v. Maloid*, No. CR 15-108-JJB-RLB, 2016 WL 1175147, at *2 (M.D. La.

---

[2] [Doc. No. 44].
[3] [Doc. No. 51].
[4] [Doc. No. 44].
[5] [Doc. No. 60-1].

Mar. 24, 2016), citing *United States v. Mercadel*, 75 Fed. Appx. 983, 2003 WL 21766541, *6 (5th Cir. 2003) (unpublished). "Although the Fifth Circuit has not articulated a clear standard for reopening a suppression hearing, it and other circuits focus on newly discovered evidence not available or known at the time of the original hearing." *Id*. (emphasis in original; footnote omitted).

Logwood has not presented any new evidence that could not have been introduced at the original hearing. The HELO video was already disclosed to Logwood during discovery and before the suppression hearing. The mere fact that defense counsel has discovered an alternative method to present the evidence does not reclassify the video's status as new evidence. Additionally, there is no dispute that the video was shown during the hearing, and all parties had the opportunity to cross-examine Nugent. With trial approaching, the Court, exercising its discretion, finds that justice is best served by denying Logwood's motion to reconsider, as no new evidence has been obtained.

### III.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Logwood's Motion for Reconsideration [Doc. No. 60] is **DENIED**.

MONROE, LOUISIANA, this 27th day of May, 2025.

_____
Terry A. Doughty
United States District Judge