UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 3:24-CR-00017**

**VERSUS**                             **JUDGE TERRY DOUGHTY**

**CHARLES LOGWOOD**                    **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Before the Court is a Motion in Limine filed by the United States of America ("Government") [Doc. No. 91]. Defendant Charles Logwood ("Logwood") opposed the Motion [Doc. No. 92]. The Government filed a reply [Doc. No. 95].

For the reasons stated below, the Government's Motion is **GRANTED**.

### I. BACKGROUND

Logwood is charged in a three-count indictment with possession with intent to distribute methamphetamine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(viii), possession with intent to distribute marijuana (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and possession of a firearm during a drug trafficking offense (Count 3), in violation of 18 U.S.C. § 924(c). The events leading up to Logwood's arrest consisted of a search of Logwood's vehicle during a traffic stop and Logwood's confession. The Magistrate Judge conducted a hearing on a motion to suppress regarding the traffic stop and issued a report and recommendation,[1] that this Court adopted,[2] ruling that the Deputy was justified in initiating the traffic stop. Logwood

---

[1] [Doc. No. 44].
[2] [Doc. No. 51].

filed a motion for reconsideration claiming that forensic analyst reviewed the HELO video and determined that Logwood's turn signal was in use.[3] The motion for reconsideration was denied.[4]

Trial is set for July 14, 2025, and the Government filed a Motion in Limine preventing Defendant from calling Marion Marks ("Marks"), the forensic video analyst, from testifying at trial. [5]

The issues have been briefed and the Court is prepared to rule.

II. **LAW & ANALYSIS**

   A. **Standard of Review**

Motions in limine permit courts to rule before trial on the admissibility and relevance of certain forecasted evidence. *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. June 7, 2023). Granting the motion bars parties from mentioning or alluding to evidence so highly prejudicial that a timely motion to strike or a jury instruction to disregard the evidence cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977).

However, "[m]otions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Luv n'care v. Laurain*, No. CV 3:16-00777, 2021 WL 3440623, at *6 (W.D. La. August 5, 2021). So the Court should only preemptively exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). Additionally, motions in limine are frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d

---

[3] [Doc. No. 51].
[4] [Doc. No. 70].
[5] [Doc. No. 91].

777, 784 (5th Cir. 1980). Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence but rather an opinion that is speculative in effect. *Luce v. United States*, 469 U.S. 38, 41 (1984). In other words, the ruling may change when the case unfolds, and the Court may alter a previous ruling. *Id*.

Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. In practice, this standard is a "liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *see also United States v. Certified Env't Servs., Inc.*, 753 F.3d 72, 90 (2d Cir. 2014) ("[T]he definition of relevance under Fed. R. Evid. 401 is very broad."). Likewise, relevant evidence does not need to "conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (citation modified).

In this instance, the Government seeks to exclude Marks from testifying because his "area of expertise and proposed testimony is irrelevant and would unnecessarily cause jury confusion" and "the proposed testimony goes to the issues already ruled on during the motion to suppress."[6] Logwood asserts that the information Marks would present goes to the facts surrounding the traffic stop and would contradict the officer's testimony that Logwood used his turn signal.

The question of whether Logwood used his turn signal is not relevant to the issues being tried. Again, evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401 The fact that Logwood may or may not have used his turn signal is not a fact of consequence in determining whether Logwood possessed with intent to distribute controlled

---

[6] [Doc. No. 91].

substance or possessed a firearm in furtherance of a drug trafficking crime. While Logwood claims that Marks will introduce evidence related to the circumstances of the traffic stop, he has not identified any disputed factual issues aside from whether he activated his turn signal. Thus, Logwood fails to identify any alternative basis for which this evidence would be relevant to the issues in the case. In the absence of a clear, non-precluded purpose for introducing such evidence, its admission would risk confusing the jury and improperly inviting them to a legal determination that has already been resolved by the Court.

### III.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Government's Motion [Doc. No. 91] is **GRANTED**.

MONROE, LOUISIANA, this 10th day of July, 2025.

Terry A. Doughty
United States District Judge